# EXHIBIT B

Electronically Filed
2/21/2020 11:50 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CASE NO. **C-0668-20-H** _____

| | | |
|---|---|---|
| **ROGELIO QUINTERO, ET AL.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **BIG STAR BUILDERS, INC.,** | § | |
| **ET AL.** | § | **\_\_\_\_ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Rogelio Quintero and Cynthia Quintero, Plaintiffs, complaining of Big Star Builders, Inc. ("BSB"), Synovus Bank ("Synovus"), RoundPoint Mortgage Company ("RoundPoint"), Service Finance Company, LLC ("SFC"), Nicolas Quintero ("Nicolas"), Juan Sebastian Quintero ("Sebastian"), and Equisolar, Inc. ("Equisolar"), Defendants, and would respectfully show to the Court as follows:

1.  Plaintiffs intend that discovery in this case be conducted pursuant to Texas Rule of Civil Procedure ("TRCP") 190.4.

2.  Pursuant to TRCP 193.7, Plaintiffs hereby give notice of intent to use at hearings and trial any and all things produced to Plaintiffs in this case.

3.  Plaintiffs are natural persons, who reside in Hidalgo County, Texas.

Electronically Filed
2/21/2020 11:50 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0668-20-H**

4.      BSB is a California for-profit corporation, which may be served with process in Texas, by serving its Texas registered agent, Registered Agents Inc., at 5900 Balcones Drive, Ste. 100, Austin, Texas 78731.

5.      Synovus is a foreign financial institution, which may be served with process in Texas, by serving its Texas registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

6.      RoundPoint is a foreign for-profit corporation, which may be served with process in Texas, by serving its Texas registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

7.      SFC is a foreign limited liability company, which may be served with process in Texas, by serving its Texas registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.      Nicolas is a natural person, who may be served with process in Texas at his usual place of abode, which is located at 9531 Chelmsford, San Antonio, Texas 78239.

9.      Sebastian is a natural person, who may be served with process in Texas at his usual place of abode, which is located at 9531 Chelmsford, San Antonio, Texas 78239.

Electronically Filed
2/21/2020 11:50 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0668-20-H**

10.     Equisolar is a California for-profit corporation, which may be served with process in Texas, by serving its Texas registered agent, Registered Agents Inc., at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

11.     At times relevant to this case, Plaintiffs have been owners of two residential properties (the "Properties") in Hidalgo County, Texas.  The Properties are located at 11074 E. Highway 107, Edinburg, Texas 78542, and 704 E. Mahl Street, Edinburg, Texas 78539.

12.     At times relevant to this case, Defendants were in the business of selling to their customers, for profit, certain goods, services and/or credits, to enable their customers to own and operate electrical energy generating equipment.

13.     Defendants sold to Plaintiffs, and Plaintiffs purchased from Defendants, certain  goods, services and credits (collectively the "GSC"), so that the Properties could be used by Plaintiffs with the electrical energy generated by the GSC.

14.     Defendants held themselves out to Plaintiffs as experts with respect to the GSC, in order to induce Plaintiffs to rely upon Defendants in deciding whether or not to purchase th GSC.

Electronically Filed
2/21/2020 11:50 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0668-20-H**

15. Defendants held themselves out to Plaintiffs as experts with respect to the GSC, in order to induce Plaintiffs to purchase the GSC.

16. Plaintiffs are not experts with respect to the GSC, and made known to Defendants that Plaintiffs are not experts with respect to the GSC.

17. Plaintiffs are not experts with respect to the GSC, and made known to Defendants that Plaintiffs were therefore relying upon Defendants' expertise with respect to the GSC, in agreeing to purchase the GSC.

18. Prior to Plaintiffs' dealings with Defendants, Plaintiffs purchased from certain electric service providers (the "ES Providers") all of the electrical energy needed by Plaintiffs to use the Properties.

19. In their dealings with Plaintiffs, Defendants intentionally and deceitfully misled Plaintiffs into believing that the GSC would generate as much electrical energy as Plaintiffs had been purchasing from the ES Providers in connection with Plaintiffs' use of the Properties.

20. Defendants misled Plaintiffs in such manner, in order to induce Plaintiffs to purchase the GSC.

21. As a result of the course of dealings between Defendants and Plaintiffs, Plaintiffs reasonably believed that the GSC would generate as much

Case 7:20-cv-00094    Document 1-2    Filed on 04/01/20 in TXSD    Page 6 of 64

Electronically Filed
2/21/2020 11:50 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0668-20-H

electrical energy as Plaintiffs had been purchasing from the ES Providers in connection with Plaintiffs' use of the Properties.

22.    Contrary to what Defendants misled Plaintiffs into believing, the GSC are not capable of generating, and will not generate, as much electrical energy as Plaintiffs had been purchasing from the ES Providers in connection with Plaintiffs' use of the Properties.

23.    In their dealings with Plaintiffs, Defendants intentionally and deceitfully misled Plaintiffs into believing that by buying the GSC, the total costs to Plaintiffs, of electrical energy needed by Plaintiffs to use the Properties, would be reduced.

24.    Defendants misled Plaintiffs in such manner, in order to induce Plaintiffs to purchase the GSC.

25.    As a result of the course of dealings between Defendants and Plaintiffs, Plaintiffs reasonably believed that by buying the GSC, the total costs to Plaintiffs, of electrical energy needed by Plaintiffs to use the Properties, would be reduced.

26.    Contrary to what Defendants misled Plaintiffs into believing, by buying the GSC, the total costs to Plaintiffs, of electrical energy needed by

Case 7:20-cv-00094   Document 1-2   Filed on 04/01/20 in TXSD   Page 7 of 64

Electronically Filed
2/21/2020 11:50 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0668-20-H

Plaintiffs to use the Properties, were not reduced.

27.     In their dealings with Plaintiffs, Defendants intentionally and deceitfully misled Plaintiffs into believing that by buying the GSC, Plaintiffs would become entitled to credits and/or deductions with which to reduce Plaintiffs' federal income tax liability.

28.     Defendants misled Plaintiffs in such manner, in order to induce Plaintiffs to purchase the GSC.

29.     As a result of the course of dealings between Defendants and Plaintiffs, Plaintiffs reasonably believed that by buying the GSC, Plaintiffs would become entitled to credits and/or deductions with which to reduce Plaintiffs' federal income tax liability.

30.     Contrary to what Defendants misled Plaintiffs into believing, by buying the GSC, Plaintiffs did not become entitled to credits and/or deductions with which to reduce Plaintiffs' federal income tax liability.

31.     Defendants each received a pecuniary benefit as a result of Defendants' above-described fraudulent conduct.

32.     Defendants similarly defrauded other purchasers (the "Other Targets") of goods, services and credits, which were purchased by the Other

Electronically Filed
2/21/2020 11:50 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0668-20-H**

Targets in efforts to reduce costs of electrical energy.

33. Defendants are jointly and severally liable to Plaintiffs for Plaintiffs' benefit-of-the-bargain damages caused by Defendants' conduct.

34. Defendants are jointly and severally liable to Plaintiffs, for Plaintiffs' out-of-pocket damages caused by Defendants' conduct.

35. Defendants are jointly and severally liable to Plaintiffs, for Plaintiffs' mental anguish damages caused by Defendants' conduct.

36. Plaintiffs' damages made subjects of this case are, as to each Plaintiff, within the jurisdictional limits of the Court.

37. Defendants are severally liable to Plaintiffs for exemplary damages, pursuant to Texas Civil Practice & Remedies Code Chapter 41.

38. Plaintiffs demand a trial by jury of all disputed issues of fact.

39. Wherefore, premises considered, Plaintiffs respectfully pray that the Court render judgment in favor of Plaintiffs and against Defendants, for compensatory damages, exemplary damages, pre-judgment interest, costs of court and post-judgment interest, and that the Court grant Plaintiffs such additional relief, to which Plaintiffs may show legal entitlement.

Electronically Filed
2/21/2020 11:50 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0668-20-H**

Respectfully submitted,

_____

Harold K. Tummel
State Bar No. 20286675
S.D. Tex. No. 11901
ken@tummelcasso.com
Lydia Casso Tummel
State Bar No. 00791830
S.D. Tex. No. 18782
lydia@tummelcasso.com
Tummel & Casso
7001 N. 10th Street, Suite 201
McAllen, Texas 78504
Telephone: (956) 664-2222
Telecopier: (956) 664-0522
**ATTORNEYS FOR PLAINTIFFS**

Electronically Filed
2/24/2020 2:45 PM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez



# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents that need to be served on your issued service.

Please note, the link you are about to open is a "live link" notification.  Please ensure you are printing the service which includes our clerk's signature and the State Seal. If you are opening a document without the official certification (signature and seal), please close the window until the document is processed accordingly. This may take a few minutes.

* When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you.  Please contact our office if you have any questions or require additional information.


Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

Post Office Box 87 Edinburg, Texas 78540  Telephone 956-318-2200  Facsimile 956-318-2251  districtclerk@co.hidalgo.tx.us

Nilda Palacios      Ricardo Contreras    Adriana "Audry" Garcia   Sabrina S. Guerra      Oneida Lamas       Stephanie Palacios   Aida Villarreal
CHIEF DEPUTY      CHIEF OF ADMINISTRATION    ASSISTANT CHIEF DEPUTY    SENIOR ACCOUNTANT    DEPUTY DISTRICT CLERK SUPERVISOR  BUDGET AND PROCUREMENT  CHIEF OF APPEALS
                  AND PUBLIC INFORMATION                                                                              OFFICER

NOTICE: Pursuant to TRCP 126:  Statement of Inability to Afford Payment
of Court Costs or an Appeal Bond filed =  NO

## C-0668-20-H
### 389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**BIG STAR BUILDERS, INC.
C/O REGISTERED AGENTS INC.
5900 BALCONES DRIVE, STE. 100
AUSTIN, TEXAS 78731**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Letty Lopez, 389th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 21st day of February, 2020 and a copy of same accompanies this citation.  The file number and style of said suit being C-0668-20-H, **ROGELIO QUINTERO, CYNTHIA QUINTERO VS.  BIG STAR BUILDERS, INC.,SYNOVUS BANK,ROUNDPOINT MORTGAGE COMPANY,SERVICE FINANCE COMPANY, LLC,NICOLAS QUINTERO,JUAN SEBASTIAN QUINTERO,EQUISOLAR, INC.**

Said Petition was filed in said court by Attorney **HAROLD K. TUMMEL; 7001 N 10TH ST, SUITE 201 MCALLEN TX  78504.**

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 24th day of February, 2020.

**LAURA HINOJOSA, DISTRICT CLERK
100 N. CLOSNER, EDINBURG, TEXAS
HIDALGO COUNTY, TEXAS**

_____
**IRIS RAMIREZ, DEPUTY CLERK**

**C-0668-20-H**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
           miles ....................$_____


_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

NOTICE: Pursuant to TRCP 126:  Statement of Inability to Afford Payment
of Court Costs or an Appeal Bond filed =  NO

## C-0668-20-H
### 389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**SYNOVUS BANK**
**REGISTERED AGENT, CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Letty Lopez, 389th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 21st day of February, 2020 and a copy of same accompanies this citation.  The file number and style of said suit being C-0668-20-H, **ROGELIO QUINTERO, CYNTHIA QUINTERO VS.  BIG STAR BUILDERS, INC.,SYNOVUS BANK,ROUNDPOINT MORTGAGE COMPANY,SERVICE FINANCE COMPANY, LLC,NICOLAS QUINTERO,JUAN SEBASTIAN QUINTERO,EQUISOLAR, INC.**

Said Petition was filed in said court by Attorney **HAROLD K. TUMMEL; 7001 N 10TH ST, SUITE 201 MCALLEN TX  78504.**

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 24th day of February, 2020.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**IRIS RAMIREZ, DEPUTY CLERK**

## C-0668-20-H
## OFFICER'S RETURN

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
        miles ...................$_____


_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

NOTICE: Pursuant to TRCP 126:  Statement of Inability to Afford Payment
of Court Costs or an Appeal Bond filed =  NO

## C-0668-20-H
## 389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION
## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this citation
by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you
were served with this citation and petition, a default judgment may be taken against you.

**ROUNDPOINT MORTGAGE COMPANY**
**REGISTERED AGENT, CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS'
ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the
expiration of twenty (20) days after the date of service hereof, before the **Honorable
Letty Lopez, 389th District Court** of Hidalgo County, Texas at the Courthouse at 100
North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 21st day of February, 2020 and a copy of same
accompanies this citation.  The file number and style of said suit being C-0668-20-H,
**ROGELIO QUINTERO, CYNTHIA QUINTERO VS.  BIG STAR BUILDERS,
INC.,SYNOVUS BANK,ROUNDPOINT MORTGAGE COMPANY,SERVICE
FINANCE COMPANY, LLC,NICOLAS QUINTERO,JUAN SEBASTIAN
QUINTERO,EQUISOLAR, INC.**

Said Petition was filed in said court by Attorney **HAROLD K. TUMMEL; 7001 N 10TH
ST, SUITE 201 MCALLEN TX  78504.**

The nature of the demand is fully shown by a true and correct copy of the petition
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements
of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg,
Texas on this the 24th day of February, 2020.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**IRIS RAMIREZ, DEPUTY CLERK**

**C-0668-20-H**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____.  I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
           miles ...................$_____


_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

NOTICE: Pursuant to TRCP 126:  Statement of Inability to Afford Payment
of Court Costs or an Appeal Bond filed =  NO

## C-0668-20-H
### 389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**SERVICE FINANCE COMPANY, LLC**
**REGISTERED AGENT, NATIONAL REGISTERED AGENTS, INC.**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TEXAS 75201**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Letty Lopez, 389th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 21st day of February, 2020 and a copy of same accompanies this citation.  The file number and style of said suit being C-0668-20-H, **ROGELIO QUINTERO, CYNTHIA QUINTERO VS.  BIG STAR BUILDERS, INC.,SYNOVUS BANK,ROUNDPOINT MORTGAGE COMPANY,SERVICE FINANCE COMPANY, LLC,NICOLAS QUINTERO,JUAN SEBASTIAN QUINTERO,EQUISOLAR, INC.**

Said Petition was filed in said court by Attorney **HAROLD K. TUMMEL; 7001 N 10TH ST, SUITE 201 MCALLEN TX  78504.**

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 24th day of February, 2020.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**IRIS RAMIREZ, DEPUTY CLERK**

**C-0668-20-H**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**NOTICE: Pursuant to TRCP 126:  Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed =  NO**

## C-0668-20-H
## 389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION
## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**NICOLAS QUINTERO**
**9531 CHELMSFORD**
**SAN ANTONIO, TEXAS 78239**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Letty Lopez, 389th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 21st day of February, 2020 and a copy of same accompanies this citation.  The file number and style of said suit being C-0668-20-H, **ROGELIO QUINTERO, CYNTHIA QUINTERO VS.  BIG STAR BUILDERS, INC.,SYNOVUS BANK,ROUNDPOINT MORTGAGE COMPANY,SERVICE FINANCE COMPANY, LLC,NICOLAS QUINTERO,JUAN SEBASTIAN QUINTERO,EQUISOLAR, INC.**

Said Petition was filed in said court by Attorney **HAROLD K. TUMMEL; 7001 N 10TH ST, SUITE 201 MCALLEN TX  78504.**

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 24th day of February, 2020.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**IRIS RAMIREZ, DEPUTY CLERK**

**C-0668-20-H**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____.  I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ...................$_____

_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**NOTICE: Pursuant to TRCP 126:  Statement of Inability to Afford Payment
of Court Costs or an Appeal Bond filed =  NO**

**C-0668-20-H**
**389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this citation
by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you
were served with this citation and petition, a default judgment may be taken against you.

**JUAN SEBASTIAN QUINTERO**
**9531 CHELMSFORD**
**SAN ANTONIO, TEXAS 78239**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS'
ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the
expiration of twenty (20) days after the date of service hereof, before the **Honorable
Letty Lopez, 389th District Court** of Hidalgo County, Texas at the Courthouse at 100
North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 21st day of February, 2020 and a copy of same
accompanies this citation.  The file number and style of said suit being C-0668-20-H,
**ROGELIO QUINTERO, CYNTHIA QUINTERO VS.  BIG STAR BUILDERS,
INC.,SYNOVUS BANK,ROUNDPOINT MORTGAGE COMPANY,SERVICE
FINANCE COMPANY, LLC,NICOLAS QUINTERO,JUAN SEBASTIAN
QUINTERO,EQUISOLAR, INC.**

Said Petition was filed in said court by Attorney **HAROLD K. TUMMEL; 7001 N 10TH
ST, SUITE 201 MCALLEN TX  78504.**

The nature of the demand is fully shown by a true and correct copy of the petition
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements
of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg,
Texas on this the 24th day of February, 2020.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**IRIS RAMIREZ, DEPUTY CLERK**

**C-0668-20-H**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____.  I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
         miles ....................$_____


_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**NOTICE: Pursuant to TRCP 126: Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed = NO**

### C-0668-20-H
### 389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**EQUISOLAR, INC**
**C/O REGISTERED AGENTS INC.**
**5900 BALCONES DRIVE, STE. 100**
**AUSTIN, TEXAS 78731**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Letty Lopez, 389th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 21st day of February, 2020 and a copy of same accompanies this citation. The file number and style of said suit being C-0668-20-H, **ROGELIO QUINTERO, CYNTHIA QUINTERO VS. BIG STAR BUILDERS, INC.,SYNOVUS BANK,ROUNDPOINT MORTGAGE COMPANY,SERVICE FINANCE COMPANY, LLC,NICOLAS QUINTERO,JUAN SEBASTIAN QUINTERO,EQUISOLAR, INC.**

Said Petition was filed in said court by Attorney **HAROLD K. TUMMEL; 7001 N 10TH ST, SUITE 201 MCALLEN TX 78504.**

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 24th day of February, 2020.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**IRIS RAMIREZ, DEPUTY CLERK**

**C-0668-20-H**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
　　　　 miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

Electronically Filed
3/18/2020 9:21 AM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

## CASE NO. C-0668-20-H

| | | |
|---|---|---|
| **ROGELIO QUINTERO, ET AL.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **BIG STAR BUILDERS, INC.,** | § | |
| **ET AL.** | § | **389TH JUDICIAL DISTRICT** |

## <u>PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Rogelio Quintero and Cynthia Quintero, Plaintiffs, complaining of Big Star Builders, Inc. ("BSB"), Synovus Bank ("Synovus"), RoundPoint Mortgage Company ("RoundPoint"), Service Finance Company, LLC ("SFC"), Nicolas Quintero ("Nicolas"), Juan Sebastian Quintero ("Sebastian"), and Equisolar, Inc. ("Equisolar"), Defendants, and would respectfully show to the Court as follows:

1.  Plaintiffs intend that discovery in this case be conducted pursuant to Texas Rule of Civil Procedure ("TRCP") 190.4.

2.  Pursuant to TRCP 193.7, Plaintiffs hereby give notice of intent to use at hearings and trial any and all things produced to Plaintiffs in this case.

3.  Plaintiffs are natural persons, who reside in Hidalgo County, Texas.

Electronically Filed
3/18/2020 9:21 AM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

4.      BSB is a California for-profit corporation, which may be served with

process in Texas, by serving its Texas registered agent, Registered

Agents Inc., at 5900 Balcones Drive, Ste. 100, Austin, Texas 78731.

5.      Synovus is a foreign financial institution, which may be served with

process in Texas, by serving its Texas registered agent, Corporation

Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

6.      RoundPoint is a foreign for-profit corporation, which may be served

with process in Texas, by serving its Texas registered agent, C

T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

7.      SFC is a foreign limited liability company, which may be served with

process in Texas, by serving its Texas registered agent, National

Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas

75201.

8.      Nicolas is a natural person, who may be served with process in Texas at

his usual place of abode, which is located at 9531 Chelmsford, San

Antonio, Texas 78239.

9.      Sebastian is a natural person, who may be served with process in Texas

at his usual place of abode, which is located at 9531 Chelmsford, San

Antonio, Texas 78239.

Electronically Filed
3/18/2020 9:21 AM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

10.     Equisolar is a California for-profit corporation, which may be served with process in Texas, by serving its Texas registered agent, Registered Agents Inc., at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

11.     At times relevant to this case, Plaintiffs have been owners of two residential properties (the "Properties") in Hidalgo County, Texas.  The Properties are located at 11074 E. Highway 107, Edinburg, Texas 78542, and 704 E. Mahl Street, Edinburg, Texas 78539.

12.     At times relevant to this case, Defendants were in the business of selling to their customers, for profit, certain goods, services and/or credits, to enable their customers to own and operate electrical energy generating equipment.

13.     Defendants sold to Plaintiffs, and Plaintiffs purchased from Defendants, certain  goods, services and credits (collectively the "GSC"), so that the Properties could be used by Plaintiffs with the electrical energy generated by the GSC.

14.     Defendants held themselves out to Plaintiffs as experts with respect to the GSC, in order to induce Plaintiffs to rely upon Defendants in deciding whether or not to purchase th GSC.

Electronically Filed
3/18/2020 9:21 AM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

15. Defendants held themselves out to Plaintiffs as experts with respect to the GSC, in order to induce Plaintiffs to purchase the GSC.

16. Plaintiffs are not experts with respect to the GSC, and made known to Defendants that Plaintiffs are not experts with respect to the GSC.

17. Plaintiffs are not experts with respect to the GSC, and made known to Defendants that Plaintiffs were therefore relying upon Defendants' expertise with respect to the GSC, in agreeing to purchase the GSC.

18. Prior to Plaintiffs' dealings with Defendants, Plaintiffs purchased from certain electric service providers (the "ES Providers") all of the electrical energy needed by Plaintiffs to use the Properties.

19. In their dealings with Plaintiffs, Defendants intentionally and deceitfully misled Plaintiffs into believing that the GSC would generate as much electrical energy as Plaintiffs had been purchasing from the ES Providers in connection with Plaintiffs' use of the Properties.

20. Defendants misled Plaintiffs in such manner, in order to induce Plaintiffs to purchase the GSC.

21. As a result of the course of dealings between Defendants and Plaintiffs, Plaintiffs reasonably believed that the GSC would generate as much

Electronically Filed
3/18/2020 9:21 AM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

electrical energy as Plaintiffs had been purchasing from the ES Providers in connection with Plaintiffs' use of the Properties.

22.  Contrary to what Defendants misled Plaintiffs into believing, the GSC are not capable of generating, and will not generate, as much electrical energy as Plaintiffs had been purchasing from the ES Providers in connection with Plaintiffs' use of the Properties.

23.  In their dealings with Plaintiffs, Defendants intentionally and deceitfully misled Plaintiffs into believing that by buying the GSC, the total costs to Plaintiffs, of electrical energy needed by Plaintiffs to use the Properties, would be reduced.

24.  Defendants misled Plaintiffs in such manner, in order to induce Plaintiffs to purchase the GSC.

25.  As a result of the course of dealings between Defendants and Plaintiffs, Plaintiffs reasonably believed that by buying the GSC, the total costs to Plaintiffs, of electrical energy needed by Plaintiffs to use the Properties, would be reduced.

26.  Contrary to what Defendants misled Plaintiffs into believing, by buying the GSC, the total costs to Plaintiffs, of electrical energy needed by

Electronically Filed
3/18/2020 9:21 AM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

Plaintiffs to use the Properties, were not reduced.

27.   In their dealings with Plaintiffs, Defendants intentionally and deceitfully misled Plaintiffs into believing that by buying the GSC, Plaintiffs would become entitled to credits and/or deductions with which to reduce Plaintiffs' federal income tax liability.

28.   Defendants misled Plaintiffs in such manner, in order to induce Plaintiffs to purchase the GSC.

29.   As a result of the course of dealings between Defendants and Plaintiffs, Plaintiffs reasonably believed that by buying the GSC, Plaintiffs would become entitled to credits and/or deductions with which to reduce Plaintiffs' federal income tax liability.

30.   Contrary to what Defendants misled Plaintiffs into believing, by buying the GSC, Plaintiffs did not become entitled to credits and/or deductions with which to reduce Plaintiffs' federal income tax liability.

31.   Defendants each received a pecuniary benefit as a result of Defendants' above-described fraudulent conduct.

32.   Defendants similarly defrauded other purchasers (the "Other Targets") of goods, services and credits, which were purchased by the Other

Electronically Filed
3/18/2020 9:21 AM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

Targets in efforts to reduce costs of electrical energy.

33.    Defendants are jointly and severally liable to Plaintiffs for Plaintiffs'

benefit-of-the-bargain damages caused by Defendants' conduct.

34.    Defendants are jointly and severally liable to Plaintiffs, for Plaintiffs'

out-of-pocket damages caused by Defendants' conduct.

35.    Defendants are jointly and severally liable to Plaintiffs, for Plaintiffs'

mental anguish damages caused by Defendants' conduct.

36.    Plaintiffs' damages made subjects of this case are, as to each Plaintiff,

within the jurisdictional limits of the Court.

37.    Defendants are severally liable to Plaintiffs for exemplary damages,

pursuant to Texas Civil Practice & Remedies Code Chapter 41.

38.    Plaintiffs demand a trial by jury of all disputed issues of fact.

39.    Wherefore, premises considered, Plaintiffs respectfully pray that the

Court render judgment in favor of Plaintiffs and against Defendants, for

compensatory damages, exemplary damages, pre-judgment interest,

costs of court and post-judgment interest, and that the Court grant

Plaintiffs such additional relief, to which Plaintiffs may show legal

entitlement.

Electronically Filed
3/18/2020 9:21 AM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

Respectfully submitted,


_____
Harold K. Tummel
State Bar No. 20286675
S.D. Tex. No. 11901
ken@tummelcasso.com
Lydia Casso Tummel
State Bar No. 00791830
S.D. Tex. No. 18782
lydia@tummelcasso.com
Tummel & Casso
7001 N. 10th Street, Suite 201
McAllen, Texas 78504
Telephone: (956) 664-2222
Telecopier: (956) 664-0522
**ATTORNEYS FOR PLAINTIFFS**

## Tummel & Casso

| | | |
|---|---|---|
| 7001 North 10th Street, Suite 201 | **Attorneys At Law** | 1 South Path |
| McAllen, Texas | Telephone 956-664-2222 | Nissequogue, New York |
| 78504 | Telecopier 956-664-0522 | 11780 |

March 18, 2020

Clerk of the Court                                                                 *Via E-file*
389th Judicial District
Hidalgo County Court
100 N. Closner Street
Edinburg, Texas 78539

      Re:   Case No. C-0668-20-H
              Rogelio Quintero, et al., vs. Big Star Builders, Inc., et al.

Dear Sir or Madam:

      Please issue a new Citation for Defendant, RoundPoint, and email same to the undersigned at Email: rem@tummelcasso.com.  The fee has been paid.

      Thank you for your assistance to this request.

                    Respectfully yours,

                    *Rosaelena Montalvo*

                    Legal Secretary

HKT:rem


Electronically Filed
3/18/2020 10:54 AM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez



# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued. Please proceed in attaching any file stamped documents that need to be served on your issued service.

Please note, the link you are about to open is a "live link" notification. Please ensure you are printing the service which includes our clerk's signature and the State Seal. If you are opening a document without the official certification (signature and seal), please close the window until the document is processed accordingly. This may take a few minutes.

* When serving protective orders, please DO NOT serve the TCIC form to respondent.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

Post Office Box 87 Edinburg, Texas 78540  Telephone 956-318-2200  Facsimile 956-318-2251  districtclerk@co.hidalgo.tx.us

Nilda Palacios     Ricardo Contreras     Adriana "Audry" Garcia     Sabrina S. Guerra     Oneida Lamas     Stephanie Palacios     Aida Villarreal
CHIEF DEPUTY     CHIEF OF ADMINISTRATION     ASSISTANT CHIEF DEPUTY     SENIOR ACCOUNTANT     DEPUTY DISTRICT CLERK SUPERVISOR     BUDGET AND PROCUREMENT     CHIEF OF APPEALS
AND PUBLIC INFORMATION                                                                                                                                OFFICER

NOTICE: Pursuant to TRCP 126:  Statement of Inability to Afford Payment
of Court Costs or an Appeal Bond filed =  NO

**C-0668-20-H**
**389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**ROUNDPOINT MORTGAGE COMPANY**
**TEXAS REGISTERED AGENT: C T CORPORATION SYSTEM**
**1999 BRYAN ST., STE. 900**
**DALLAS, TEXAS 75201**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Letty Lopez, 389th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 18TH day of MARCH, 2020 and a copy of same accompanies this citation.  The file number and style of said suit being C-0668-20-H, **ROGELIO QUINTERO, CYNTHIA QUINTERO VS.  BIG STAR BUILDERS, INC.,SYNOVUS BANK,ROUNDPOINT MORTGAGE COMPANY,SERVICE FINANCE COMPANY, LLC,NICOLAS QUINTERO,JUAN SEBASTIAN QUINTERO,EQUISOLAR, INC.**

Said Petition was filed in said court by Attorney **HAROLD K. TUMMEL; HAROLD K. TUMMEL, 7001 N 10TH ST STE 201 MCALLEN TX  78504.**

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 18th day of March, 2020.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**IRIS RAMIREZ, DEPUTY CLERK**

**C-0668-20-H**
## OFFICER'S RETURN

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

Electronically Filed
3/23/2020 8:33 AM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

CAUSE NO. C-0668-20-H

| | | |
|---|---|---|
| ROGELIO QUINTERO, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| BIG STAR BUILDERS, INC. ET AL. | § | |
| | § | |
| *Defendants.* | § | 189TH JUDICIAL DISTRICT |

**DEFENDANT SERVICE FINANCE COMPANY, LLC'S**
**ORIGINAL ANSWER, SPECIAL EXCEPTIONS AND REQUESTS FOR DISCLOSURE**

Defendant Service Finance Company, LLC ("Defendant"), in the above-entitled and numbered cause files this its Original Answer, Special Exceptions and Requests for Disclosure to Plaintiffs' Original Petition ("Petition"), and would respectfully show the Court the following:

**I.**
**GENERAL DENIAL**

Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every, all and singular, material allegation contained in Plaintiffs' Petition, and any supplements or amendments thereto, and demand strict proof of each and every allegation by a preponderance of the evidence.

**II.**
**SPECIAL EXCEPTIONS**

Plaintiffs' Petition fails to give fair notice of Plaintiffs' causes of action, as required by the Texas Rules of Civil Procedure. Texas courts follow a "fair notice" standard for pleading and an opposing party should be able to ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. Plaintiffs' Petition fails to comply with this requirement for the reasons set forth below. TEX. R. CIV. P. 90, 91.

Defendant specially excepts to Plaintiffs' Petition, as the allegations alleged because all allegations are vague, general, and indefinite, and Plaintiffs provide no factual or legal basis for

Electronically Filed
3/23/2020 8:33 AM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

the same in order to give Defendant fair notice of Plaintiffs' claims.  Plaintiffs lump all of their claims against all named defendants, without providing any specific factual allegations.

Specifically, in Paragraphs 13 – 15, 19 – 20, 23 – 24 and 27 – 28 of Plaintiffs' Petition, Plaintiffs fail to identify what actions or omissions this specific Defendant is allegedly responsible for, including how this Defendant held itself to be an expert with respect to certain goods, services and/or credits; how this Defendant induced Plaintiffs to purchase the goods, services and/or credits; how this Defendant intentionally and deceitfully misled Plaintiffs; how this Defendant induced Plaintiffs into purchasing goods, services and/or credits; how this Defendant intentionally and deceitfully misled Plaintiffs into believing that by buying the goods, services and/or credits the total costs to Plaintiffs of electrical energy needed by Plaintiffs to use would be reduced; how this Defendant misled Plaintiffs in order to induce Plaintiffs to purchase the goods, services and/or credits; and  how this Defendant intentionally and deceitfully misled Plaintiffs into believing that by buying the goods, services and/or credits Plaintiffs would become entitled to credits and/or deductions with which to reduce Plaintiffs' federal income tax liability.

Plaintiffs further fail to comply with TEX. R. CIV. P. 47, to which Defendant specially excepts.

### III.
### AFFIRMATIVE DEFENSES

Defendant pleads the following affirmative defenses to Plaintiffs' Petition (and any supplements or amendments thereto), but does not assume the burden of proof on any such defenses, except as otherwise required by law.  Defendant reserves the right to assert additional defenses and to otherwise supplement or amend its Answer, as information becomes available. Each of these defenses are pled in the alternative, as all liability is denied:

1.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

2

Electronically Filed
3/23/2020 8:33 AM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

2.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

3.      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate Plaintiffs' damages.

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

6.      Plaintiffs' claim for exemplary damages is barred because Defendant did not act with the requisite "malice" towards Plaintiffs, including the requisite standard articulated by the Texas Supreme Court in *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655 (Tex. 2012).

7.      Defendant invokes §41.003, §41.007, and §41.008 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE to the extent any claim for and recovery of exemplary damages is subject to the standards, requirements, and caps thereunder.

8.      Any damage, loss or liability sustained by Plaintiffs must be reduced, diminished and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Defendant under the principles of equitable allocation, recoupment, set-off, proportionate responsibility and comparative fault.

9.      The claims alleged in Plaintiffs' Petition fail because the acts and practices of persons or entities not associated with Defendant constitute intervening or superseding causes of the alleged damage, loss, or injury, if any, suffered by Plaintiffs.

## IV.
## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Defendant requests that Plaintiffs disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

Electronically Filed
3/23/2020 8:33 AM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

## V.

## PRAYER

Defendant prays that Plaintiffs take nothing by way of their claims, and that this Court grant Defendant its attorneys' fees, costs and expenses, as allowed by law, and such other and further relief, whether at law or equity, to which Defendant may be justly entitled.

Respectfully submitted,

**GORDON & REES, LLP**

By:    */s/ Andrew M. Scott*
        Andrew M. Scott
        State Bar No. 24075042
        Delia C. Rivera
        State Bar No. 24091766
        1900 West Loop South, Suite 1000
        Houston, Texas 77027
        (713) 961-3366 – Telephone
        (713) 961-3938 – Facsimile
        ascott@grsm.com
        dcrivera@grsm.com

**ATTORNEYS FOR DEFENDANT**
**SERVICE FINANCE COMPANY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure on this 23rd day of March 2020.

        */s/ Andrew M. Scott*
        Andrew M. Scott

Electronically Filed
3/23/2020 4:47 PM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

CASE NO. C-0668-20-H

| | | |
|---|---|---|
| **ROGELIO QUINTERO, ET AL.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **BIG STAR BUILDERS, INC.,** | § | |
| **ET AL.** | § | **389ᵀᴴ JUDICIAL DISTRICT** |

## PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Rogelio Quintero and Cynthia Quintero, Plaintiffs, complaining of Big Star Builders, Inc. ("BSB"), Synovus Bank ("Synovus"), RoundPoint Mortgage Company ("RoundPoint"), Service Finance Company, LLC ("SFC"), Nicolas Quintero ("Nicolas"), Juan Sebastian Quintero ("Sebastian"), and Equisolar, Inc. ("Equisolar"), Defendants, and would respectfully show to the Court as follows:

1. Plaintiffs intend that discovery in this case be conducted pursuant to Texas Rule of Civil Procedure ("TRCP") 190.4.

2. Pursuant to TRCP 193.7, Plaintiffs hereby give notice of intent to use at hearings and trial any and all things produced to Plaintiffs in this case.

3. Plaintiffs are natural persons, who reside in Hidalgo County, Texas.

Electronically Filed
3/23/2020 4:47 PM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

4.  BSB is a California for-profit corporation, which may be served with process in Texas, by serving its Texas registered agent, Registered Agents Inc., at 5900 Balcones Drive, Ste. 100, Austin, Texas 78731.

5.  Synovus is a foreign financial institution, which may be served with process in Texas, by serving its Texas registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

6.  RoundPoint is a foreign for-profit corporation, which may be served with process in Texas, by serving its Texas registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

7.  SFC is a foreign limited liability company, which may be served with process in Texas, by serving its Texas registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8.  Nicolas is a natural person, who may be served with process in Texas at his usual place of abode, which is located at 9531 Chelmsford, San Antonio, Texas 78239.

9.  Sebastian is a natural person, who may be served with process in Texas at his usual place of abode, which is located at 9531 Chelmsford, San Antonio, Texas 78239.

10.   Equisolar is a California for-profit corporation, which may be served with process in Texas, by serving its Texas registered agent, Registered Agents Inc., at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

11.   At times relevant to this case, Plaintiffs have been owners of two residential properties (the "Properties") in Hidalgo County, Texas.  The Properties are located at 11074 E. Highway 107, Edinburg, Texas 78542, and 704 E. Mahl Street, Edinburg, Texas 78539.

12.   At times relevant to this case, Defendants were in the business of selling to their customers, for profit, certain goods, services and/or credits, to enable their customers to own and operate electrical energy generating equipment.

13.   Defendants sold to Plaintiffs, and Plaintiffs purchased from Defendants, certain goods, services and credits (collectively the "GSC"), so that the Properties could be used by Plaintiffs with the electrical energy generated by the GSC.

14.   Defendants held themselves out to Plaintiffs as experts with respect to the GSC, in order to induce Plaintiffs to rely upon Defendants in deciding whether or not to purchase th GSC.

Electronically Filed
3/23/2020 4:47 PM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

15.    Defendants held themselves out to Plaintiffs as experts with respect to the GSC, in order to induce Plaintiffs to purchase the GSC.

16.    Plaintiffs are not experts with respect to the GSC, and made known to Defendants that Plaintiffs are not experts with respect to the GSC.

17.    Plaintiffs are not experts with respect to the GSC, and made known to Defendants that Plaintiffs were therefore relying upon Defendants' expertise with respect to the GSC, in agreeing to purchase the GSC.

18.    Prior to Plaintiffs' dealings with Defendants, Plaintiffs purchased from certain electric service providers (the "ES Providers") all of the electrical energy needed by Plaintiffs to use the Properties.

19.    In their dealings with Plaintiffs, Defendants intentionally and deceitfully misled Plaintiffs into believing that the GSC would generate as much electrical energy as Plaintiffs had been purchasing from the ES Providers in connection with Plaintiffs' use of the Properties.

20.    Defendants misled Plaintiffs in such manner, in order to induce Plaintiffs to purchase the GSC.

21.    As a result of the course of dealings between Defendants and Plaintiffs, Plaintiffs reasonably believed that the GSC would generate as much

Electronically Filed
3/23/2020 4:47 PM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

electrical energy as Plaintiffs had been purchasing from the ES Providers in connection with Plaintiffs' use of the Properties.

22.     Contrary to what Defendants misled Plaintiffs into believing, the GSC are not capable of generating, and will not generate, as much electrical energy as Plaintiffs had been purchasing from the ES Providers in connection with Plaintiffs' use of the Properties.

23.     In their dealings with Plaintiffs, Defendants intentionally and deceitfully misled Plaintiffs into believing that by buying the GSC, the total costs to Plaintiffs, of electrical energy needed by Plaintiffs to use the Properties, would be reduced.

24.     Defendants misled Plaintiffs in such manner, in order to induce Plaintiffs to purchase the GSC.

25.     As a result of the course of dealings between Defendants and Plaintiffs, Plaintiffs reasonably believed that by buying the GSC, the total costs to Plaintiffs, of electrical energy needed by Plaintiffs to use the Properties, would be reduced.

26.     Contrary to what Defendants misled Plaintiffs into believing, by buying the GSC, the total costs to Plaintiffs, of electrical energy needed by

Electronically Filed
3/23/2020 4:47 PM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

Plaintiffs to use the Properties, were not reduced.

27.   In their dealings with Plaintiffs, Defendants intentionally and deceitfully misled Plaintiffs into believing that by buying the GSC, Plaintiffs would become entitled to credits and/or deductions with which to reduce Plaintiffs' federal income tax liability.

28.   Defendants misled Plaintiffs in such manner, in order to induce Plaintiffs to purchase the GSC.

29.   As a result of the course of dealings between Defendants and Plaintiffs, Plaintiffs reasonably believed that by buying the GSC, Plaintiffs would become entitled to credits and/or deductions with which to reduce Plaintiffs' federal income tax liability.

30.   Contrary to what Defendants misled Plaintiffs into believing, by buying the GSC, Plaintiffs did not become entitled to credits and/or deductions with which to reduce Plaintiffs' federal income tax liability.

31.   Defendants each received a pecuniary benefit as a result of Defendants' above-described fraudulent conduct.

32.   Defendants similarly defrauded other purchasers (the "Other Targets") of goods, services and credits, which were purchased by the Other

Electronically Filed
3/23/2020 4:47 PM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

Targets in efforts to reduce costs of electrical energy.

33.  Defendants are jointly and severally liable to Plaintiffs for Plaintiffs'
     benefit-of-the-bargain damages caused by Defendants' conduct.

34.  Defendants are jointly and severally liable to Plaintiffs, for Plaintiffs'
     out-of-pocket damages caused by Defendants' conduct.

35.  Defendants are jointly and severally liable to Plaintiffs, for Plaintiffs'
     mental anguish damages caused by Defendants' conduct.

36.  Plaintiffs' damages made subjects of this case are, as to each Plaintiff,
     within the jurisdictional limits of the Court.

37.  Defendants are severally liable to Plaintiffs for exemplary damages,
     pursuant to Texas Civil Practice & Remedies Code Chapter 41.

38.  Defendants' conduct involved false, misleading, and/or deceptive acts
     or practices, within the meaning of Texas Business & Commerce Code
     ("TBCC") Section 17.46(b)(5), which were producing causes of
     Plaintiffs' damages made subjects of this case.

39.  Defendants' conduct involved false, misleading, and/or deceptive acts
     or practices, within the meaning of Texas Business & Commerce Code
     ("TBCC") Section 17.46(b)(12), which were producing causes of

Plaintiffs' damages made subjects of this case.

40.   Defendants' conduct involved false, misleading, and/or deceptive acts or practices, within the meaning of Texas Business & Commerce Code ("TBCC") Section 17.46(b)(24), which were producing causes of Plaintiffs' damages made subjects of this case.

41.   Defendants' conduct involved unconscionable acts and/or practices, within the meaning of Texas Business & Commerce Code ("TBCC") Section 17.45(5), which were producing causes of Plaintiffs' damages made subjects of this case.

42.   Defendants' conduct was engaged in knowingly, within the meaning of TBCC Section 17.45(6).

43.   Defendants' conduct was engaged in intentionally, within the meaning of TBCC Section 17.45(13).

44.   Defendants are liable to Plaintiffs in amounts equal to Plaintiffs' economic damages made subjects of this case, pursuant to TBCC Sections 17.50(a)(1), 17.50(a)(3), and 17.50(b)(1).

45.   Defendants are liable to Plaintiffs in amounts equal to Plaintiffs' mental anguish damages made subjects of this case, pursuant to TBCC Sections

Electronically Filed
3/23/2020 4:47 PM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

17.50(a)(1), 17.50(a)(3), and 17.50(b)(1).

46.　Defendants are liable to Plaintiffs for statutory penalty damages, pursuant to TBCC Section 17.50(b)(1).

47.　Defendants are liable to Plaintiffs for reasonable and necessary attorneys' fees, pursuant to TBCC Section 17.50(d).

48.　Defendants are liable to Plaintiffs for court costs, pursuant to TBCC Section 17.50(d).

49.　Plaintiffs demand a trial by jury of all disputed issues of fact.

50.　Wherefore, premises considered, Plaintiffs respectfully pray that the Court render judgment in favor of Plaintiffs and against Defendants, for compensatory damages, statutory penalty damages, exemplary damages, pre-judgment interest, costs of court and post-judgment interest, and that the Court grant Plaintiffs such additional relief, to which Plaintiffs may show legal and/or equitable entitlement.

Electronically Filed
3/23/2020 4:47 PM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

Respectfully submitted,


_____

Harold K. Tummel
State Bar No. 20286675
S.D. Tex. No. 11901
ken@tummelcasso.com
Lydia Casso Tummel
State Bar No. 00791830
S.D. Tex. No. 18782
lydia@tummelcasso.com
Tummel & Casso
7001 N. 10th Street, Suite 201
McAllen, Texas 78504
Telephone: (956) 664-2222
Telecopier: (956) 664-0522
**ATTORNEYS FOR PLAINTIFFS**

Electronically Filed
3/23/2020 4:47 PM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

# CERTIFICATE OF SERVICE

A true copy of this instrument was served on or about March 23, 2020, as follows:

| Person Served | Manner of Service |
|---|---|
| Big Star Builders, Inc.<br>c/o Stephan Mihalovits<br>15303 Ventura Boulevard<br>Suite 1650<br>Sherman Oaks, California 91403 | *Via E-File/E-Serve*<br>*generalcounsel@bigstarbuilders.com* |
| Equisolar, Inc.<br>c/o Registered Agents Inc.<br>5900 Balcones Drive, Suite 100<br>Austin, TX 78731 | *Via First Class Mail* |
| RoundPoint Mortgage Company<br>c/o C T Corporation System<br>1999 Bryan Street, Suite 900<br>Dallas, Texas 75201 | *Via First Class Mail* |
| Mr. Andrew M. Scott<br>Ms. Delia C. Rivera<br>GORDON & REES, LLP<br>1900 W. Loop South, Suite 1000<br>Houston, Texas 77027 | *Via E-Serve*<br>*ascott@grsm.com*<br>*dcrivera@grsm.com* |
| Synovus Bank<br>c/o Corporation Service<br>Company d/b/a CSC-Lawyers<br>Incorporating Service Company<br>211 E. 7th Street, Suite 620<br>Austin, TX 78701 | *Via First Class Mail* |
| Nicolas Quintero<br>9531 Chelmsford<br>San Antonio, TX 78239 | *Via First Class Mail* |

Electronically Filed
3/23/2020 4:47 PM
Hidalgo County District Clerks
Reviewed By: Rachel Bueno

| Sebastian Quintero<br>9531 Chelmsford<br>San Antonio, TX 78239 | *Via First Class Mail* |
| --- | --- |

/s/Harold K. Tummel

Electronically Filed
3/24/2020 3:39 PM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

CAUSE NO. C-0668-20-H

| | | |
|---|---|---|
| ROGELIO QUINTERO, ET AL., | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **389TH JUDICIAL DISTRICT** |
| | § | |
| BIG STAR BUILDERS, INC., ET AL. | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | **HIDALGO COUNTY, TEXAS** |

## DEFENDANT SYNOVUS BANK'S SPECIAL EXCEPTIONS, ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE:

COMES NOW Defendant Synovus Bank ("Defendant" or "Synovus"), Defendant in the above-styled action, and files this its Special Exceptions, Original Answer, and Affirmative Defenses to Plaintiffs' Second Amended Petition, and shows the Court as follows:

## SPECIAL EXCEPTIONS

### I.

Defendant specially excepts to paragraphs 12-48 of Plaintiff's Second Amended Petition (the "Petition") wherein Plaintiffs allege that all Defendants are liable under the Texas DTPA and potentially common law fraud. The facts supporting these claims are not specified or broken out by the alleged conduct of any particular defendant, and so Defendant is left with no clear understanding of how these claims or these allegations are attributable to it specifically. Moreover, as Plaintiffs did not include any specific headings in their Petition, Defendant is unclear as to which claims or causes of action are being asserted against it. Texas law does not permit generalized allegations against multiple defendants. Accordingly, Plaintiff should be required to re-plead to clarify which specific

Electronically Filed
3/24/2020 3:39 PM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

actions of Synovus are at issue with respect to these claims and these allegations.

## ORIGINAL ANSWER

### II.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial and demands that Plaintiffs be required to prove their allegations by a preponderance of the evidence.

## AFFIRMATIVE DEFENSES

### III.

By way of affirmative defense, Defendant asserts that Plaintiffs failed to mitigate damages.

### IV.

Pleading further, in the alternative, Defendant affirmatively alleges that the incident(s) made the basis of this suit and Plaintiffs' damages, if any, were proximately caused by one or more third parties over whom Defendant had no control or right of control.

### V.

Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that the conduct of all parties to this lawsuit, including any settling parties and responsible third parties, should be compared by the court and jury under the doctrine of proportionate responsibility as set forth in the Texas Civil Practices and Remedies Code (including but not limited to §§ 33.001, 33.003, 33,004, 33.011, 33.012, 33.013, 33.015, and 33.016), and in the unlikely event Plaintiffs obtain any award of damages in this case, Defendant's liability, if any, for any such recovery should be limited to its respective percentage of proportionate responsibility in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.

Electronically Filed
3/24/2020 3:39 PM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

## VI.

Pleading further if such pleading is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that in the unlikely event it is found liable to Plaintiffs, it is entitled to a credit or offset for any and all sums Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and/or alleged causes of action.

## VII.

Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant expressly reserves its rights under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code regarding an election of credit and reduction in the amount of damages to be recovered by Plaintiffs, if any, in the event that Plaintiff settles with any other person or party.

## VIII.

Defendant denies liability and especially that its alleged actions or omissions amount to gross negligence or that it is otherwise culpable in such a way as to support any award of punitive or exemplary damages. In the unlikely event the Court submits any such question to the trier of fact, Defendant affirmatively pleads all restrictions and limitations on such damages as provided by Chapter 41 of the Texas Civil Practice and Remedies Code and/or any applicable federal law.

## IX.

Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, in the unlikely event Plaintiff recovers an award of pre-judgment interest for unaccrued damages such an award would violate the following provisions, among others, of the Constitution of the State of Texas and the U.S. Constitution: (i) Trial by Jury, TEX. CONST. Art. I, §15; (ii) Due Process, U.S. CONST. AMEND. V and XIV, TEX. CONST. Art. I, §13; and (iii)

Electronically Filed
3/24/2020 3:39 PM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

Constitutional Rights are Inviolate, TEX. CONST. Art. I, §28.  Further, Defendant pleads the limitations for pre-judgment interest as set forth in the Texas Finance Code.

## X.

Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that Plaintiffs' claims and causes of action against Defendant are barred under the doctrine of estoppel, equitable estoppel and/or quasi-estoppel.

## XI.

Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that Plaintiffs' claims and causes of action against Defendant are barred under the doctrine of laches.

## XII.

Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that Plaintiffs' claims and causes of action against Defendant are barred under the doctrine of unjust enrichment.

## XIII.

Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that Plaintiffs' claims and causes of action against Defendant are barred, at least in part, under the FTC holder in due course rule.  In particular, Plaintiff is not permitted to recover any damages beyond any sums paid under the contract.

## XIV.

Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that Plaintiff's claims and causes of action against Defendant are barred, at least in part, under the doctrine of accord and satisfaction.

Electronically Filed
3/24/2020 3:39 PM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

## XV.

Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that Defendant is entitled to an offset for the full value of all benefits received by Plaintiffs under the transactions they are seeking to cancel.

### **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendant Synovus Bank prays that Plaintiffs take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**MACDONALD DEVIN ZIEGLER**
**MADDEN KENEFICK HARRIS, PC**

By:      /s/ *Sean W. Fleming*
**Sean W. Fleming**
State Bar No. 24027250
sfleming@macdonalddevin.com
**Lauren Lopez**
Texas Bar No. 24078994
LLopez@MacdonaldDevin.com

3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2014
(214) 744-3300 (Telephone)
(214) 747-0942 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**SYNOVUS BANK**

Electronically Filed
3/24/2020 3:39 PM
Hidalgo County District Clerks
Reviewed By: Iris Ramirez

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 24, 2020, a copy of the foregoing pleading

was forwarded via electronically to all counsel of record.

*/s/ Sean W. Fleming*
**Sean W. Fleming**

CAUSE NO. C-0668-20-H

| | | |
|---|---|---|
| ROGELIO QUINTERO, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| BIG STAR BUILDERS, INC. ET AL. | § | |
| | § | |
| *Defendants.* | § | 189TH JUDICIAL DISTRICT |

**DEFENDANT SERVICE FINANCE COMPANY, LLC'S FIRST AMENDED ANSWER, SPECIAL EXCEPTIONS, AFFIRMATIVE DEFENSES AND REQUESTS FOR DISCLOSURE TO PLAINTIFFS' SECOND AMENDED PETITION**

Defendant Service Finance Company, LLC ("Defendant"), in the above-entitled and numbered cause files this its First Amended Answer, Special Exceptions, Affirmative Defenses and Requests for Disclosure to Plaintiffs' Second Amended Petition ("Petition"), and would respectfully show the Court the following:

**I.**
**GENERAL DENIAL**

Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every, all and singular, material allegation contained in Plaintiffs' Petition, and any supplements or amendments thereto, and demand strict proof of each and every allegation by a preponderance of the evidence.

**II.**
**SPECIAL EXCEPTIONS**

Defendant specially excepts to paragraphs 12-48 of Plaintiffs' Second Amended Petition wherein Plaintiffs allege that all Defendants are liable under the Texas DTPA and potentially common law fraud. The facts supporting these claims are not specified or broken out by the alleged conduct of any particular defendant. As such, Defendant is left with no clear understanding of how these claims or these allegations are attributable to it specifically. Moreover, Plaintiffs failed

to include headings in their Petition, Defendant is unclear as to which claims and allegations are being asserted against it.

Plaintiffs' Petition fails to give fair notice of Plaintiffs' causes of action, as required by the Texas Rules of Civil Procedure. Texas courts follow a "fair notice" standard for pleading and an opposing party should be able to ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. Plaintiffs' Petition fails to comply with this requirement for the reasons set forth below. TEX. R. CIV. P. 90, 91.

Defendant specially excepts to Plaintiffs' Petition, as the allegations alleged because all allegations are vague, general, and indefinite, and Plaintiffs provide no factual or legal basis for the same in order to give Defendant fair notice of Plaintiffs' claims. Plaintiffs lump all of their claims against all named defendants, without providing any specific factual allegations.

Plaintiffs fail to identify what actions or omissions this specific Defendant is allegedly responsible for, including how this Defendant held itself to be an expert with respect to certain goods, services and/or credits; how this Defendant induced Plaintiffs to purchase the goods, services and/or credits; how this Defendant intentionally and deceitfully misled Plaintiffs; how this Defendant induced Plaintiffs into purchasing goods, services and/or credits; how this Defendant intentionally and deceitfully misled Plaintiffs into believing that by buying the goods, services and/or credits the total costs to Plaintiffs of electrical energy needed by Plaintiffs to use would be reduced; how this Defendant misled Plaintiffs in order to induce Plaintiffs to purchase the goods, services and/or credits; and  how this Defendant intentionally and deceitfully misled Plaintiffs into believing that by buying the goods, services and/or credits Plaintiffs would become entitled to credits and/or deductions with which to reduce Plaintiffs' federal income tax liability.

Plaintiffs further fail to comply with TEX. R. CIV. P. 47, to which Defendant specially

excepts and Plaintiffs should be required to re-plead.

## III.
## AFFIRMATIVE DEFENSES

Defendant pleads the following affirmative defenses to Plaintiffs' Petition (and any supplements or amendments thereto), but does not assume the burden of proof on any such defenses, except as otherwise required by law.  Defendant reserves the right to assert additional defenses and to otherwise supplement or amend its Answer, as information becomes available. Each of these defenses are pled in the alternative, as all liability is denied:

1.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

2.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

3.      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate Plaintiffs' damages.

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

6.      Plaintiffs' claims are barred in whole or in part, by the doctrine of unjust enrichment.

7.      Plaintiffs' claims are barred in whole or in part, by the doctrine of accord and satisfaction.

8.      Plaintiffs' claim for exemplary damages is barred because Defendant did not act with the requisite "malice" towards Plaintiffs, including the requisite standard articulated by the Texas Supreme Court in *Safeshred, Inc. v. Martinez*, 365 S.W.3d 655 (Tex. 2012).

9.      Defendant affirmatively alleges that the incident(s) made the basis of this suit and Plaintiff's damages, if any, were proximately caused by one or more third parties over whom Defendant had no control or right of control.

10.     Defendant invokes §41.003, §41.007, and §41.008 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE to the extent any claim for and recovery of exemplary damages is subject to the standards, requirements, and caps thereunder.

11.     Any damage, loss or liability sustained by Plaintiffs must be reduced, diminished and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Defendant under the principles of equitable allocation, recoupment, set-off, proportionate responsibility and comparative fault in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.

12.     Pleading further if such pleading is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that in the unlikely event it is found liable to Plaintiffs, it is entitled to a credit or offset for any and all sums Plaintiffs have received or may hereafter receive by way of any and all settlements arising from Plaintiffs' claims and/or alleged causes of action.

13.     Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant expressly reserves its rights under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code regarding an election of credit and reduction in the amount of damages to be recovered by Plaintiffs, if any, in the event that Plaintiff settles with any other person or party.

14.     Defendant denies liability and specially that its alleged actions or omissions amount to gross negligence or that it is otherwise culpable in such a way as to support any award of punitive or exemplary damages.  In the unlikely event the Court submits any such question to the trier of fact, Defendant affirmatively pleads all restrictions and limitations on such damages as provided by Chapter 41 of the Texas Civil Practice and Remedies Code and/or any applicable federal law.

4

15.     Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, in the unlikely event Plaintiffs recover an award of pre-judgment interest for unaccrued damages such an award would violate the following provisions, among others, of the Constitution of the State of Texas and U.S. Constitution: (i) Trial by Jury, TEX. CONST. Art. I, 15; (ii) Due Process, U.S. CONST. AMEND. V and XIV, TEX. CONST. Art. I 13; and (iii) Constitutional Rights are Inviolate, TEX. CONST. Art. I, 28.  Further, Defendant pleads the limitations for pre-judgment interest as set forth in the Texas Finance Code.

16.     Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that Plaintiffs' claims and causes of action against Defendant are barred, at least in part, under the Federal Trade Commission holder in due course rule.  In particular, Plaintiffs are not permitted to recover any damages beyond any sums paid under the contract.

17.     The claims alleged in Plaintiffs' Petition fail because the acts and practices of persons or entities not associated with Defendant constitute intervening or superseding causes of the alleged damage, loss, or injury, if any, suffered by Plaintiffs.

18.     Pleading further if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that Defendant is entitled to an offset for the full value of all benefits received by Plaintiffs under the transaction they are seeking to cancel.

### IV.
### PRAYER

Defendant prays that Plaintiffs take nothing by way of their claims, and that this Court grant Defendant its attorneys' fees, costs and expenses, as allowed by law, and such other and further relief, whether at law or equity, to which Defendant may be justly entitled.

Respectfully submitted,

**GORDON & REES, LLP**

By:      */s/ Andrew M. Scott*

Andrew M. Scott
State Bar No. 24075042
Delia C. Rivera
State Bar No. 24091766
1900 West Loop South, Suite 1000
Houston, Texas 77027
(713) 961-3366 – Telephone
(713) 961-3938 – Facsimile
ascott@grsm.com
dcrivera@grsm.com

**ATTORNEYS FOR DEFENDANT
SERVICE FINANCE COMPANY, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record in accordance with the Texas Rules of Civil Procedure on this 1st day of April 2020.

*/s/ Andrew M. Scott*

Andrew M. Scott